HUFFY CORPORATION, et al., Plaintiffs,

v.

UNITED STATES, Defendant,

and

Taiwan Transportation Vehicle Manufacturers Association, Defendant-Intervenor.

Court No. 83–8–01180.

United States Court of International Trade.

March 13, 1985.

Collier, Shannon, Rill & Scott, Washington, D.C. (Michael R. Kershow and Lauren R. Howard, Washington, D.C., on the motion), for plaintiffs.

Richard K. Willard, Acting Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Velta A. Melnbrencis, New York City, on the motion), for defendant.

Plaia & Schaumberg, Chartered, Washington, D.C. (Herbert C. Shelley, Joel D. Kaufman and George W. Thompson, Washington, D.C., on the motion), for defendant-intervenor.

## MEMORANDUM AND OPINION

CARMAN, Judge.

### BACKGROUND

This case arises out of an antidumping petition filed with the United States Department of Commerce (Commerce) by plaintiffs on September 24, 1982. Following investigation by Commerce's International Trade Administration (ITA), Com-

merce published a notice on July 11, 1983, of Final Determination of Sales at Less Than Fair Value: Bicycles from Taiwan. 48 Fed.Reg. 31,688 (1983). Plaintiffs challenged this nominally affirmative determination in its action filed with this Court on August 9, 1983 (Court No. 83–8–01180). In the determination Commerce had concluded that only five of sixteen Taiwanese bicycle producers investigated had weighted average dumping margins in excess of 0.5 percent ad valorem, and liquidations of entries from these firms were suspended until further notice. Regarding the eleven remaining firms, Commerce found either no sales or de minimis sales of bicycles at less than fair value (LTFV). These eleven firms were therefore excluded from the final affirmative determination.

The International Trade Commission (ITC), in its injury investigation pursuant to 19 U.S.C. § 1673d(b) (1982), determined that the record did not "establish a causal nexus between the imports under investigation [per Commerce's final affirmative determination] and the injury experienced by the U.S. industry." Bicycles from Taiwan, Inv.No. 731–TA–111 (Final), USITC Pub. No. 1417, at 8 (1983). As a result of the ITC's final negative injury notification on August 29, 1983, Commerce did not publish an antidumping duty order and the investigation was terminated. *See* 19 U.S.C. §§ 1673d(c)(2), 1673e(a) (1982). Plaintiffs challenged the ITC injury determination in a second action filed with this Court on October 7, 1983 (Court No. 83–10–01499), following publication of this final negative determination on September 8, 1983. 48 Fed.Reg. 40,574 (1983). This latter challenge was primarily to the ITC's noninclusion of data regarding the eleven producers which had been excluded from the LTFV determination.

As the ITC's injury determination depended in part upon the results in Commerce's LTFV determination, the defendant moved to consolidate the two actions

under Consolidated Court No. 83–8–01180 and suspend those proceedings dealing with the ITC determination until after ruling on the challenge to Commerce's LTFV determination. Plaintiffs agreed to defendant's proposed mode of proceeding and the Court therefore allowed defendant's motion for consolidation and suspension on December 6, 1983. Intervenor now moves to dismiss plaintiff's original challenge to Commerce's final LTFV determination, contending that the Court lacks subject-matter jurisdiction.[1]

## OPINION

Intervenor argues that no provision provides for judicial review of an affirmative antidumping duty determination by Commerce until such determination results in an antidumping duty order. *See* 19 U.S.C. § 1516a(a)(2)(B)(i), (ii) (1982). Intervenor's view is essentially that the petitioner's right of appeal is cut off when the ITC has not been able to link the injury experienced by the domestic industry to those foreign producers that Commerce determined were dumping. The Court rejects this position. Its adoption could result in negative findings as to dumping by certain companies completely escaping judicial review.

Intervenor does show that an appeal of the ITC negative determination, pursuant to 19 U.S.C. § 1516a(a)(2)(A)(i), could lead to the overturning of the ITC determination and the issuance of an order. Thereupon the plaintiffs would gain the right to review of the Commerce determination under § 1516a(a)(2)(A)(ii). But intervenor fails to point out any avenue of review if the ITC determination were to be upheld.

The appealability of negative findings contained in nominally affirmative dumping and subsidy determinations by Commerce has been the subject of a number of disputes before this Court and the Court of Appeals for the Federal Circuit. *E.g.,* *United States Steel Corp. v. United*

---

1. The Court granted the motion to intervene by the Taiwan Transportation Vehicle Manufactur- ers Association on February 29, 1984.

*States*, 5 CIT 287, (1983), *vacated as moot*, 7 CIT ——, Slip Op. 84–12 (Feb. 24, 1984); *United States Steel Corp. v. United States*, 5 CIT 272 (1983), *vacated as moot*, 7 CIT ——, Slip Op. 84–12 (Feb. 24, 1984); *Bethlehem Steel Corp. v. United States*, 742 F.2d 1405 (Fed.Cir.1984). It is now apparent that the negative and affirmative findings of an affirmative determination should generally be heard together in a single action following the ITC injury investigation and the publication of an antidumping or countervailing duty order, as long as the ITA has found some subsidy or dumping regarding the subject merchandise and companies. *See Bethlehem*, 742 F.2d at 1410–11. But where particular products or companies have not been a part of the affirmative Commerce determination, the question of proper duty assessment will not become moot upon a negative ITC injury determination. The controversy regarding the negative findings of the ITA remains.

A negative finding by the ITA which results in the exclusion of a product or company is in substance the same as a final negative determination. The ITC does not consider such a product or company in its evaluation of injury to the domestic industry. Further, the suspension of liquidations of entries and the posting of security is not required under 19 U.S.C. § 1671b(d)(1), (2) (1982). From the point of view of Commerce, the matter regarding the excluded product or company is essentially closed. The controversy is therefore ripe for appeal.

Congress apparently recognized this proposition when enacting section 623(a)(3) of the Trade and Tariff Act of 1984, Pub.L. No. 98–573, 98 Stat. 2948, 3040. This section, amending 19 U.S.C. § 1516a(a)(2)(B)(ii), now provides for review within 30 days after publication in the Federal Register notice of

[a] final negative determination by the administrating authority or the Commission under section 703 or 735 of this Act, including, at the option of the appellant, *any part of a final affirmative determination which specifically excludes any company or product.*

*Id.* (emphasis added).

There is no question of the applicability of this statute to the current controversy, as Commerce specifically excluded eleven companies from its affirmative determination.[2] *See* 48 Fed.Reg. 31,688 (1983). Plaintiffs have properly alleged the Court's jurisdiction in their complaint by citing the appropriate jurisdictional statutes, 28 U.S.C. § 1581(c) and 19 U.S.C. § 1516a(a)(2), and by alleging the requisite jurisdictional facts which have subsequently been borne out by the record. The Court's jurisdiction is not affected by the plaintiffs not specifically discussing Commerce's exclusion of eleven companies from the affirmative determination in Counts I–IV of the complaint. The counts merely outline the challenges to the legal and factual conclusions by Commerce which led to the exclusion of the eleven companies.

For the foregoing reasons, intervenor's motion to dismiss Court No. 83–8–01180 should be, and hereby is, denied. Pursuant to the Court's order of December 6, 1983, matters relating to the ITC injury determination (as originally raised in Court No. 83–10–01499) continue to be stayed pending the Court's review of those matters which resulted in the exclusion of eleven companies from Commerce's July 11, 1983 final affirmative antidumping duty determination.

---

**2.** Section 626(b)(2) of the Trade and Tariff Act of 1984, Pub.L. No. 98–573, 98 Stat. 2948, 3042, assures that the section 623 amendments apply to civil actions pending on the date of enactment of the Act.